**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHEK LOUIE,        ) | |
|            ) | |
|      Plaintiff,    ) | |
|            ) | |
|    v.         ) | |
|            ) | |
| WELTMAN, WEINBERG & REIS CO., LPA, ) | |
|            ) | JURY DEMAND |
|      Defendants.   ) | |

**COMPLAINT – CLASS ACTION
INTRODUCTION**

1.      Plaintiff seeks redress in this action for defendant's debt collection practices under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), §1337, and 15 U.S.C. §1692k(d) (the FDCPA). Venue in this District is proper because plaintiff resides here and defendant transacts business here.

**PARTIES**

3.      Plaintiff, Shek Louie, resides in Schaumburg, Illinois.

4.      Plaintiff is a consumer as defined by the FDCPA.

5.      Defendant, Weltman, Weinberg & Reis Co., LPA ("Weltman") is an Ohio corporation company with National Registered Agents located at 200 W. Adams, Chicago, Il. 60606

as its registered agent in Illinois.

6.     Defendant regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a debt collector under the FDCPA.

## FACTS

7.     On October 20, 2010, Mr. Louie received a letter from Weltman seeking to collect a debt, allegedly owed to Discover Bank.

8.     The October 20, 2010 letter to Mr. Louie was Weltman's initial communication with Mr. Louie.

9.     Plaintiff sent a letter dated October 25, 2010 to Weltman requesting validation of this debt via certified mail with return receipt requested. The letter was received by Weltman on October 27, 2010.

10.     Rather then provide validation as required, Weltman representing Discover Bank filed a complaint seeking to collect the purported debt on November 1, 2010. See Exhibit 1.

11.     Plaintiff was served on December 2, 2010, with a summons and complaint in the Municipal Division of the Circuit Court of Cook County, Case Number 10 M1 200883 alleging a debt of $8,300.56 was owed to Discover Bank.

12.     According to a partial[1] document attached to the complaint, the alleged debt was originated as a Discover Platinum Card account.[2]

13.     The account Weltman was seeking to collect was reported by Discover to the

---

[1]     The exhibit attached to the complaint is a photocopy of what is presumably a credit card statement cut off on the top.

[2]     The complaint alleges that it includes the plaintiff's cardmember agreement but it did not.

credit reporting agencies as closed as of July 2005.

14.     On December 28, 2010, Mr. Louie filed a motion to dismiss Discover Bank's complaint arguing that the action was time-barred because the complaint was filed after the five year statute of limitations had run.   Plaintiff testified by affidavit that he did not make any payments or charges to the account subsequent to July 2005.

15.     Defendant did not file a response to this motion to dismiss and on February 22, 2011, the complaint was dismissed with prejudice at the hearing on the motion to dismiss.

16.     After the hearing during which the case was dismissed, the defendant provided plaintiff's counsel with documents which show that the last date of activity in plaintiff's discover bank account was November 2004.

## Count I - Fair Debt Collection Practices Act - Class Claim

17.     Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 14 above.  Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

(a) False, Misleading, Deceptive, or Unfair Practice/Unauthorized Charges.
Defendant violated 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f(1), by falsely representing the legal status of the debt in the complaint filed on November 1, 2010.

(b) False, Misleading, Deceptive, or Unfair and Unconscionable Practice/False Representation of Obligation on Account.
Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692f by using deceptive, unfair, and unconscionable means to attempt to collect a debt, namely by falsely representing that Plaintiff was obligated to repay the Discover Bank debt, when in fact the debt was extinguished by operation of law.

(c) False, Misleading, Deceptive, Unfair or Unconscionable Practice/Attempted Collection of Time Barred Debt
Defendant violated 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), and 15 U.S.C. §

1692f by attempting to collect on a time barred debt.

18.     As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## CLASS ALLEGATIONS

19.     Plaintiff brings these claims on behalf of a class.

20.     Plaintiff defines the class as: (i) all natural persons within the state of Illinois (ii) which Weltman sued between March 9, 2010 and March 30, 2011 (iii) in an attempt to collect a debt resulting from a Discover Bank credit card account (iv) where the last payment or charge on the underlying account was made more than 5 years before the date the lawsuit was filed by Weltman and (v) where Weltman was representing Discover Bank.

21.     The class is so numerous that joinder is impracticable.  On information and belief, there are more than 50 members of the class.

22.     Weltman sued at least 50 persons within the state of Illinois between March 9, 2010 and March 30, 2011 in an attempt to collect a debt resulting from a Discover Bank credit card account where the last payment or charge on the underlying account was made more than 5 years before the date the lawsuit was filed by Weltman and where Weltman was representing Discover Bank.

23.     There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members.  The predominant common question is whether defendant's actions violate the FDCPA.

24. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

25. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

26. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

      a. Statutory damages;

      b. Actual damages, including filing fees;

      c. Attorney's fees, litigation expenses and costs of suit;

      d. Such other or further relief as the Court deems appropriate.

### Count II - Fair Debt Collection Practices Act - Individual Claim

27. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 14 above.

28. Defendant violated the FDCPA, 15 U.S.C. § 1692g(b), by failing to provide plaintiff with validation of the debt prior to filing a lawsuit.

29. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and

against defendant for:

        a.       Statutory damages;

        b.       Actual damages, including filing fees;

        c.       Attorney's fees, litigation expenses and costs of suit;

        d.       Such other or further relief as the Court deems appropriate.

Respectfully submitted,
Plaintiff

By: /s/ Keith J. Keogh
     His Attorney

Keith J. Keogh
Craig Shapiro
Ainat Margalit
Keogh Law, LTD.
101 N. Wacker Dr., Suite 605
Chicago, Il 60606
312.726.1092/312.726.1093 (fax)

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/ Keith J. Keogh
  Keith J. Keogh

6